IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIAH COATES,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 25-CV-5993 |
| | : |
| CHIMES/HOLCOMB BEHAVIORAL<br>HEALTH,<br>    Defendant. | :<br>:<br>: |

## MEMORANDUM

GALLAGHER, J.                                                                                      OCTOBER 22, 2025

Plaintiff Mariah Coates filed a *pro se* Complaint naming Chimes/Holcomb Behavioral Health as the Defendant and asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). Coates also seeks leave to proceed *in forma pauperis* and the appointment of counsel. For the following reasons, the Court will grant Coates leave to proceed *in forma pauperis*, dismiss the Complaint with leave to amend, and deny the motion for counsel as premature.

I.     FACTUAL ALLEGATIONS

Coates's Complaint consists of the form available to *pro se* litigants to file employment discrimination claims as well as materials that she submitted to the EEOC.[1] By checking boxes on the Complaint form, Coates appears to assert claims based on termination of her employment, a failure to accommodate her Christian religion, and retaliation. (Compl. at 2-3). In the area of the form that asks Coates to state the facts of the case, she only wrote "Please see attached paperwork." (*Id*. at 3.) The paperwork includes a Charge of Discrimination she filed with the

---

[1] The Court adopts the pagination supplied to the Complaint by the CM/ECF docketing system.

EEOC in which she asserted that her religious beliefs were affected by her employer's requirement that she use a "facial recognition clock in and clock out" system. (*Id.* at 5.) She claimed in the paperwork that the employer denied her an unspecified reasonable accommodation and terminated her employment "in retaliation to my request." (*Id.*) Also attached to the Complaint is a form that, while unclear, may have been submitted by Coates to her employer. (*Id*. at 7.) The form states that Coates "was bombarded on 2/23/2024 by Kim Nace informing that I had to scan my face . . . I informed Kim I did not feel comfortable, she then stated to me 'I'm trying to get you paid.' At that point I no longer felt comfortable discussing that matter any further with Kim." (*Id.*) Coates seeks injunctive relief and money damages. (*Id.* at 9.)

II.  **STANDARD OF REVIEW**

The Court grants Coates leave to proceed *in forma pauperis* since she appears unable to pay the filing fee. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v.*

*Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)).  "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs.  *Fabian v. St. Mary's Med. Ctr.*, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10).

The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

**III.    DISCUSSION**

Coates's Complaint fails to conform to the requirements of Rules 8 and 10. She has merely checked boxes on the form indicating the nature of the claims she seeks to assert without providing any narrative description in numbered paragraphs of the facts that support the elements of those claims. For example, she checked boxes indicating she was terminated and seeks to bring a claim based on a failure to accommodate her religion, but does not allege facts in the Complaint itself indicating that she holds a sincere religious belief that conflicted with a job requirement, that she informed her employer of the conflict, and was disciplined for failing to comply with the conflicting requirement.[2] Likewise, she checked the box indicating she seeks to assert a Title VII retaliation claim but does not state any facts to support that claim.[3]

Rather, Coates merely attached a form she sent to the EEOC and what appears to be an internal form from her employer. In conducting a statutory screening under 28 U.S.C. § 1915(e)(2)(B), the Court may consider exhibits attached to a *pro se* plaintiff's complaint. *See*

---

[2] Title VII makes it unlawful for an employer to discriminate against an employee based on the employee's religion. 42 U.S.C. § 2000e-2(a)(1). The term "religion" includes all aspects of religious observance and practice, as well as belief, unless the employer can demonstrate that he is unable to reasonably accommodate the employee's religious observance or practice without undue hardship on the conduct of the employer's business. 42 U.S.C. § 2000e(j); *see also Little v. Wuerl*, 929 F.2d 944, 949 (3rd Cir. 1991). For a claim of religious discrimination resulting in a termination, or a failure to accommodate claim under Title VII to be plausible, a plaintiff must plead sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) that she holds a sincere religious belief that conflicts with a job requirement; (2) informed her employer of the conflict; and (3) was disciplined for failing to comply with the conflicting requirement. *Groff v. DeJoy*, 35 F.4th 162, 168 (3d Cir. 2022) (citing *EEOC v. GEO Grp., Inc.*, 616 F.3d 265, 271 (3d Cir. 2010)); *see also Doe(s) v. Pittsburgh Reg'l Transit*, 684 F. Supp. 3d 417, 425 (W.D. Pa. 2023) (applying the same elements to a failure to accommodate claim).

[3] For a retaliation claim under Title VII to be plausible, a plaintiff must "plead[ ] sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (citation omitted).

*Harris v. U.S. Marshal Serv.*, No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), *report and recommendation adopted as modified*, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)).

However, a plaintiff may not state a claim by relying solely on exhibits. *See Estate of Egenious Coles*, *Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). Accordingly, Coates's Complaint must be dismissed for failure to comply with Rules 8 and 10 since merely attaching her EEOC paperwork fails to provide the Defendant with sufficient notice to prepare its defense and the Court is not sufficiently informed to determine the nature of the claims. Coates may file an amended complaint to present her Title VII claims by providing a short, plain statement of the facts of her case in numbered paragraphs.[4]

## IV.    MOTION FOR COUNSEL

---

[4] In submitting an amended complaint, Coates does not need to attach the evidence she believes she will present in discovery or at trial. She must provide a narrative description of the facts supporting her claim that satisfies each of the elements the Court has stated.

Coates also seeks appointment of counsel. (ECF No. 3.) That request is premature. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (stating that, in determining whether to appoint *pro bono* counsel, the Court must first consider, as a threshold matter, whether the plaintiff's claim has "some merit in fact and law."). Coates may renew her request if she files an amended complaint that complies with Rules 8 and 10 and if the Court directs service on a named Defendant.

## V. CONCLUSION

For these reasons, Coates's Complaint will be dismissed without prejudice, and the motion for counsel will be denied. An order follows providing Coates with additional information about filing an amended complaint.

                         **BY THE COURT:**

                         ***/s/ John M. Gallagher***
                         **JOHN M. GALLAGHER, J.**